IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | : |
| Plaintiff | : |
| VS. | : NO. 5:05-CV-115 (CAR) |
| DR. HALE BURNSIDE, *et al.*, | : |
| Defendants | : PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : BEFORE THE U.S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff MICHAEL WILLIAMS is an inmate in the custody of the State of Georgia. He has sued defendants DR. HALE BURNSIDE and HEALTH SERVICES ADMINISTRATOR CALVIN RAMSEY, alleging that the defendants violated his constitutional rights by refusing to treat his medical problems. Specifically, he complains about the lack of treatment for his stomach hernia. Plaintiff also complains that the Disabled Prisoner's Justice Fund has asked the Department of Corrections to review his medical chart, but that they have failed to do so. Tabs #1 and #4.

Pending before the court is the defendants' **PRE-ANSWER MOTIONS TO DISMISS**. Tab #17-19. The plaintiff has filed a response to the defendants' motions.[1] Tab #24. In entering this recommendation, the undersigned has carefully considered both the defendants' motion and the plaintiff's response.

### LEGAL STANDARD - MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

---

[1] The undersigned originally recommended that the defendants' motion be granted because the plaintiff had failed to respond. Tab #21. However, following the forwarding of the recommendation to the district judge, plaintiff filed an objection in which he stated that he *had* filed a response; he included a copy of said response with his objection. Tab #24. The undersigned then vacated the recommendation to grant the defendants' motion for failure to prosecute. Tab #27.

If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d.

### DISCUSSION

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. *Id.*

In the present case, plaintiff WILLIAMS has alleged that he was denied necessary surgery for his hernia. However, as set forth in his complaint, plaintiff is merely alleging medical malpractice, not deliberate indifference. Plaintiff also claims that the Department of Corrections has failed to review his file as requested by the Disabled Prisoner's Justice Fund. However, plaintiff makes no allegations of wrongdoing by the named defendants in relation to this claim. Therefore, while plaintiff WILLIAMS may have claims against the defendants under another provision of state or federal law, his claims as set forth in his complaint do not rise to the level of a constitutional denial or deprivation of rights, privileges or immunities as contemplated by 42 U.S.C. §1983. He has alleged no action on the part of the defendant that violates any federally protected right.[2]

Accordingly, IT IS THE RECOMMENDED that the defendant's **MOTIONS TO DISMISS** (Tabs #15-17) be **GRANTED**.[3]

---

[2] In light of the present recommendation, the undersigned has declined to discuss the defendants' remaining arguments. However, it should be noted that plaintiff's claims are barred by the Eleventh Amendment and by the Georgia Tort Claims Act, and that he has failed to exhaust his state administrative remedies.

[3] Also before the court are a number of motions filed by the plaintiff. Tabs #5-8, #14, #32 through #35 inclusive. After careful consideration, and in light of the recommendation in this case and the basis therefor, said motions are **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The Clerk is directed to serve plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO ORDERED AND RECOMMENDED, this 14th day of OCTOBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE